Patrick J. Mulqueen (Attorney No. 069592013)
**GOLDBERG SEGALLA, LLP**
1037 Raymond Blvd, Suite 1010
Newark, NJ 07102
(t) 973.681.7000
(f) 973.681.7101
pmulqueen@goldbergsegalla.com
*Attorneys for Defendants,*
*Nationwide Insurance Company and*
*National Casualty Company*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOWNSHIP OF NEPTUNE, a Municipal Corporation of the State of New Jersey,<br><br>Plaintiff,<br><br>v.<br><br>GARDEN STATE MUNICIPAL JOINT INSURANCE FUND; LLOYD'S OF LONDON; STATEWIDE INSURANCE FUND; NATIONAL CASUALTY COMPANY; NATIONWIDE INSURANCE COMPANY; EVANSTON INSURANCE COMPANY; ABC COMPANY; INSURANCE COMPANY AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY; KRISTA HORAN; JOHN DOES 1-10; JANE DOES 1-10, individually and in their capacity as agents, and XYZ CORPORATION, its Successors and Assigns,<br><br>Defendants. | CIVIL ACTION NO.<br><br>**NOTICE OF REMOVAL**<br>**(DIVERSITY OF CITIZENSHIP)**<br>**28 U.S.C. § 1446(a)**<br>**Case No. MON-L-003398-18 (Monmouth County)** |

**COMES NOW** the Defendants Nationwide Insurance Company and National Casualty Company, by and through its counsel in the above-captioned action, and hereby gives notice pursuant to 28 U.S.C. §§ 1441 and 1446(a) that it has removed the action entitled, "*Township of*

21337590.v1

*Neptune versus Garden State Municipal Joint Insurance Fund, Lloyd's of London, Statewide Insurance Fund, National Casualty Company, Nationwide Insurance Company, Evanston Insurance Company, ABC Company, Krista Horan, John Does 1-10, Jane Does 1-10, and XYZ Corporation*," from the Superior Court of New Jersey, Law Division, Monmouth County, Case No. MON-L-003398-18 (the "State Court Action"), to the United States District Court for the District of New Jersey.  A copy of this Notice of Removal is being filed with the Clerk of the Superior Court, Law Division, Monmouth County, New Jersey, in order to effect removal pursuant to 28 U.S.C. § 1446(b).  Pursuant to 28 U.S.C. § 1446(d), the State Court Action shall proceed no further unless and until this case is remanded.

## Grounds for Removal

1. Plaintiff Township of Neptune filed the present action against Defendants Garden State Municipal Joint Insurance Fund, Lloyd's of London, Statewide Insurance Fund, National Casualty Company, Nationwide Insurance Company, Evanston Insurance Company, ABC Company, Krista Horan, John Does 1-10, Jane Does 1-10, and XYZ Corporation.  Plaintiff entitled its pleading, "Complaint for Declaratory Judgment."

2. In their Complaint, Plaintiff alleges:

    a. Krista Horan is a former employee of the Township of Neptune who has brought a lawsuit against the Township of Neptune for wrongful termination of employment ("Horan Lawsuit"). (Complaint, ¶¶ 9-10)

    b. Plaintiff alleges that it has coverage available to it for the Horan Lawsuit under policies of insurance issued by Defendants National Casualty Company, Evanston Insurance Company, and Lloyd's of London. (Complaint, ¶¶ 11, 13-14) However, Plaintiff alleges that these insurance

2

     companies have denied coverage under their respective policies for the Horan Lawsuit. (Complaint, ¶¶ 12, 15)

  c. Plaintiff seeks a declaratory judgment from the Court that one or more of the policies of insurance issued by Defendants National Casualty Company, Evanston Insurance Company and Lloyd's of London provide coverage for and a defense of Plaintiff in Horan Lawsuit. (Complaint, ¶¶ 16-18)

  d. Plaintiff also alleges that Defendant ABC Company is a fictitious company, whose name is unknown, that issued a policy of insurance to Plaintiff that provides coverage for the Horan Lawsuit. Plaintiff seeks a declaratory judgment that ABC Company owes Plaintiff a defense in the Horan Lawsuit. (Complaint, ¶¶ 19-22)

  e. Finally, Plaintiff alleges that Defendants Garden State Municipal Joint Fund and Statewide Insurance Fund owe a defense to and coverage for Plaintiff in the Horan Lawsuit. (Complaint, ¶¶ 23-27)

  f. Plaintiff does not allege claims against Defendants Krista Horan, John Does 1-10, Jane Does 1-10 or XYZ Corporation.

  3. The Complaint does not allege the specific amount being sought by the Plaintiff. Plaintiff seeks the costs to defend Plaintiff in the underlying Horan Lawsuit and any judgment awarded or settlement amount paid in the Horan Lawsuit. In the Horan Lawsuit, Ms. Horan asserted the following claims: a) Violation of the New Jersey Law Against Discrimination (Disability Discrimination – Hostile Work Environment, Retaliation and Wrongful Discharge), and (2) Violation of the New Jersey Law Against Discrimination (Disability Discrimination – Failure to Accommodate). The damages sought in the Horan Lawsuit include "economic loss and

pecuniary damage in the form of lost income and benefits, past, present and future;" "non-economic damages in the form of humiliation, stress, anger, sadness, and anxiety causing mental and emotional anguish and dysfunction, and physical manifestations of the same including, but not limited to, nervousness, anxiousness, sleeplessness, loss of appetite and loss of sleep, all or some of which may be permanent;" punitive damages; attorneys' fees; costs; and interest.  Accordingly, upon information and belief, the amount in controversy exceeds $75,000.

4. The State Court Action was originally commenced on September 19, 2018 in the Superior Court, Law Division, Monmouth County, New Jersey, captioned as Case No. MON-L-003398-18.

5. Plaintiffs served the Civil Summons and Complaint upon Defendants Nationwide Insurance Company and National Casualty Company by serving the same upon their agents for service on October 26, 2018.

6. Attached hereto as Exhibit A is a copy of the Civil Summons, Complaint, and Notice of Service of Process indicating the date of service for Defendant Nationwide Insurance Company as October 26, 2018.

7. Attached hereto as Exhibit B is a copy of the Civil Summons, Complaint, and Notice of Service of Process indicating the date of service for Defendant National Casualty Company as October 26, 2018.

8. According to the Complaint, Plaintiff is a Municipal Corporation of the State of New Jersey. (Complaint, ¶ 1)

9. Defendant Nationwide Insurance Company is an insurance company incorporated in Ohio with its principal place of business in Ohio.

10. Defendant National Casualty Company is an insurance company incorporated in Wisconsin with its principal place of business in Ohio.

11. Upon information and belief, Defendants Lloyd's of London and Evanston Insurance Company are foreign companies with their principal place of business located outside of New Jersey.

12. Upon information and belief, Defendants Garden State Municipal Joint Insurance Fund and Statewide Insurance Funds are insurance funds created pursuant to N.J.S.A. 40A:10-36. The creation of an insurance fund permits two or more local government units to combine for the purpose of securing insurance coverage and allowing local units to achieve insurance costs savings made possible through risk-pooling. However, pursuant to N.J.S.A. 40A:10-36, "no risk is retained by the fund." Therefore, neither Defendant Garden State Municipal Joint Insurance Fund nor Defendant Statewide Insurance Fund are entities that provide insurance coverage. Accordingly, Defendants Garden State Municipal Joint Insurance Fund and Statewide Insurance Funds are nominal parties to the present lawsuit.

13. The real controversy in the present action is the request for declaratory judgment of whether there is coverage under policies of insurance issued by Defendants Nationwide Insurance Company, National Casualty Company, Evanston Insurance Company and Lloyd's of London for the Horan Lawsuit. Therefore, the real parties to the controversy are only Plaintiff and Defendants Nationwide Insurance Company, National Casualty Company, Evanston Insurance Company and Lloyd's of London. The other defendants are nominal parties as they are parties having no immediate apparent stake in the controversy between Plaintiff and Defendants Nationwide Insurance Company, National Casualty Company, Evanston Insurance Company and Lloyd's of London. Therefore, this Court is to disregard the citizenship of the nominal parties and

rest jurisdiction only upon the citizenship of the Plaintiffs and Defendants Nationwide Insurance Company, National Casualty Company, Evanston Insurance Company and Lloyd's of London. See Navarro Savings Ass'n v. Lee, 446 U.S. 458, 461 (1980); Bumberger v. Insurance Co. of N. Am., 952 F.2d 764, 767 (3d Cir. 1991); Eyal Lior v. Sit, 913 F.Supp. 868 (D.N.J. 1996).

14. Defendant Krista Horan is the plaintiff in the underlying Horan Lawsuit. Plaintiff has not asserted a claim against Defendant Krista Horan in this lawsuit. Any interest that Ms. Horan may have in this lawsuit is aligned with Plaintiff's interest, specifically that coverage may be found under one or more of the insurance policies issued by Defendants Nationwide Insurance Company, National Casualty Company, Evanston Insurance Company and Lloyd's of London. This Court has a duty to "look beyond the pleadings and arrange the parties according to their sides in a dispute." Swanson v. Traer, 354 U.S. 91, 99 (1957) (quoting City of Dawson v. Columbia Ave. Saving Fund, 197 U.S. 178, 180 (1905)). In determining whether parties should be realigned, this court employs a "primary issue" test to determine the real controversy. In this case, the real controversy is whether insurance coverage is afforded under the insurance policies at issue. Employers Ins. of Wausau v. Crown Cork & Seal Co., 942 F.2d 862 (3d Cir. 1991); Deluxe Building Sys. v. Constructamax, Inc., 94 F.Supp.3d 601, 608 (D.N.J. 2013). For jurisdictional purposes, Defendant Horan should be aligned with Plaintiff. Accordingly, her citizenship does not destroy the diversity of citizenship that exists between Plaintiff, on the one hand, and Defendants Nationwide Insurance Company, National Casualty Company, Evanston Insurance Company and Lloyd's of London, on the other hand.

15. This Notice of Removal is being filed within thirty (30) days of the date that the Civil Summons and Complaint were first received by Defendants Nationwide Insurance Company and National Casualty Company, pursuant to 28 U.S.C. § 1446(b)(1).

21337590.v1

16. This case is removable under 28 U.S.C. § 1332 ("Diversity of Citizenship") because there is: (i) complete diversity of citizenship of the real parties to the controversy, and (ii) the amount in controversy, upon information and belief, exceeds the sum or value of $75,000, exclusive of costs and interest.

17. No defendants have filed responsive pleadings in the present action to date.

18. Copies of this Notice are being provided to all adverse parties and a copy hereof is being filed with the Clerk of Superior Court for Monmouth County, all in accordance with the provisions of 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants Nationwide Insurance Company and National Casualty Company give notice of the removal of the above-captioned action from the Superior Court, Law Division, Monmouth County, New Jersey to the United States District Court for the District of New Jersey.

This the 26th day of November, 2018.

**GOLDBERG SEGALLA LLP**

By: */s/ Patrick J. Mulqueen*
Patrick J. Mulqueen, Esquire
*Attorneys for Defendants,*
*Nationwide Insurance Company and*
*National Casualty Company*