NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOWNSHIP OF NEPTUNE  Plaintiff,  v.  GARDEN STATE MUNICIPAL JOINT INSURANCE FUND, *et al.*  Defendants. | Case No.: 3:18-cv-16448-BRM-LHG  OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Garden State Municipal Joint Insurance Fund's ("Garden State") Motion to Remand. (ECF No. 23.) Plaintiff Township of Neptune ("Neptune") and one defendant[1] support the motion. (ECF Nos. 31 & 32.) Removing Defendants Nationwide Insurance Company and National Casualty Company (collectively, "Nationwide") oppose the motion. (ECF No. 33.) No other party has taken a position on the motion.[2] Having reviewed the parties' submissions filed in connection with the motion and having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, the Motion to Remand is **GRANTED**. This matter is therefore **REMANDED** to the Superior Court of New Jersey, Law Division, Monmouth County,

---

[1] The Complaint pleads this Defendant as "Lloyd's of London." (Compl. (ECF No. 1-1) ¶ 3.) This Defendant states that its appropriate name is "Underwriters at Lloyd's, 100% Brit Syndicates, Ltd., Syndicate 2987." (Answer (ECF No. 27) ¶ 3.) This opinion will refer to this Defendant as "Lloyd's Underwriters."

[2] Neptune voluntarily dismissed Defendant Evanston Insurance Co. from this action. (ECF No. 39.)

and this case is **CLOSED**.

I.   FACTUAL AND PROCEDURAL BACKGROUND

This is a coverage dispute. Nationwide insures Neptune against losses arising from alleged wrongful employment practices. (ECF No. 1-1 ¶ 11.) Garden State (underwritten by Lloyd's Underwriters) and Statewide Insurance Fund ("Statewide") are both joint municipal insurance funds which insure Neptune against similar losses. (ECF No. 1-1 ¶ 13.) Defendant Krista Horan, a former Neptune employee, filed a wrongful termination lawsuit against Neptune in New Jersey state court (the "Horan Litigation"). (ECF No. 1-1 ¶ 10.) Neptune filed a declaratory judgment action in state court against the defendants to confirm its coverage for losses resulting from the Horan Litigation. (ECF No. 1-1 ¶ 16.) Nationwide removed to this Court. (Notice of Removal (ECF No. 1) at 1-2.) Garden State moved to remand the case back to state court. (ECF No. 23.)

As a municipality of New Jersey, Neptune takes on New Jersey citizenship for diversity purposes. *See Lasky v. Borough of Highstown*, Civ. No. 09-1717, 2009 WL 1045018, at *1 n.1 (D.N.J. Apr. 20, 2009) (citing *City of Dawson v. Columbia Ave. Saving Fund, Safe Deposit, Title, & Trust Co.*, 197 U.S. 178, 180 (1905)). Defendant Krista Horan is a citizen of New Jersey. (ECF No. 1 ¶ 14.) All parties assume without discussion that Garden State and Statewide take on New Jersey citizenship for diversity purposes.[3] The record does not reflect the citizenship of the

---

[3] The parties' assumption appears to be correct. New Jersey law provides that "[t]he governing body of any local unit . . . may by resolution agree to join together with any other local unit or units to establish a joint insurance fund." N.J. Stat. Ann. § 40A:10-36(a); *see also id.* § 40A:1-1 (defining "local unit" as "a county or municipality"). To use the terms of art of federal diversity jurisdiction, such joint insurance funds—like Garden State and Statewide—are unincorporated associations. An unincorporated association does not have its own citizenship for diversity purposes, but instead takes on the citizenship of their members. *See, e.g.*, *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Because state law limits membership in these joint insurance funds to New Jersey local governments, both Garden State and Statewide must take on the citizenship of their member local governments, which in turn are citizens of New Jersey. *See Lasky*, 2009 WL 1045018, at *1 n.1. Accordingly, Garden State and Statewide

Lloyd's Underwriters. *See* part III.B., *infra*.

## II. LEGAL STANDARD

When a Defendant removes a case to federal court, the Court must remand the case back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). The removing defendants bear the burden of establishing diversity jurisdiction. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013).

## III. DECISION

Garden State argues the absence of complete diversity deprives this Court of subject matter jurisdiction over this action. Nationwide contends complete diversity will exist between all plaintiffs and all defendants after certain adjustments are made to the parties. First, Nationwide argues that although Krista Horan is pleaded as a defendant, this Court should consider her a plaintiff for diversity purposes because her true interests are aligned with Neptune's. Second, Nationwide argues that Garden State and Statewide are nominal parties that the Court should disregard when analyzing diversity. The motion to remand is granted because Nationwide has not met its burden to demonstrate (1) Garden State is a nominal party, and (2) all the Lloyd's Underwriters are completely diverse from the plaintiff.

This Court has jurisdiction over cases between "citizens of different states." 28 U.S.C. § 1332(a)(1). To qualify for so-called "diversity" jurisdiction, "the parties must be completely diverse, meaning that 'no plaintiff can be a citizen of the same state as any of the defendants.'" *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) (quoting *Grand*

---

are citizens of New Jersey.

*Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003)). The following maxim bears repeating: the removing defendants bear the burden of establishing diversity jurisdiction. *Johnson*, 724 F.3d at 346.

A. **Nominal Parties**

Although all defendants must be completely diverse from all plaintiffs, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Narraro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). While this formulation seems simple enough, there is some confusion about exactly what constitutes a "nominal party." *See, e.g.*, *Am. Asset Fin., LLC v. Corea Firm*, 821 F. Supp. 2d 698, 700 (D.N.J. 2011) (discussing the multiple tests courts have used to determine whether a party is "nominal"). Certain themes emerge from the caselaw: a party "named to satisfy state pleading rules, . . . joined only as designated performer of a ministerial act, . . . or [who] otherwise ha[s] no control of, impact on, or stake in the controversy" is likely to be a nominal party. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 92 (2005); *see also Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991) ("Nominal parties are generally those without a real interest in the litigation."). Likewise, a nominal party will be unconnected to the wrongdoing alleged in the complaint. *Michaels v. New Jersey*, 955 F. Supp. 315, 320 (D.N.J. 1996). By contrast, a party who will be liable on an adverse judgment is not a nominal party. *Lincoln Prop. Co.*, 546 U.S. at 93.

Nationwide has not satisfied its burden to demonstrate that Garden State is merely a nominal party. Garden State's status as a nominal party turns on the terms of its underwriting agreement with Lloyd's Underwriters. (Lloyd's Cert., Policy No. PK1006318 (ECF No. 1-1), at 45-179.) Lloyd's Underwriters insured against, among other things, employment practices liability, but the policy requires that the "Assured" be responsible for paying a self-insured

retention of $350,000 and a maintenance deductible payable within the self-insured retention of $50,000. (ECF 1-1, at 53.) The Lloyd's Underwriters' insurance policy defines "Assured" as including not only Garden State but also three dozen other municipalities, including Neptune. (ECF 1-1, at 48.) The policy does not indicate which "Assured"—Garden State, Neptune, or both—is responsible for this payment. Put another way, the record does not demonstrate whether Garden State would be liable on an adverse judgment. *Lincoln Prop. Co.*, 546 U.S. at 93.

Nationwide argues that because it—and therefore this Court—cannot determine whether Garden State has any actual liability under the Lloyd's Underwriters' policy, there is reason to believe that Garden State is a nominal party. Nationwide's argument overlooks the fact that "all doubts" concerning the existence of diversity jurisdiction "should be resolved in favor of remand." *A.S.*, 769 F.3d at 208 (quoting *Batoff*, 977 F. 2d at 851). "All doubts" includes doubts about a party's liability on an adverse judgment and its status as a nominal party. As the removing party, Nationwide bears the burden of establishing diversity jurisdiction. *Johnson*, 724 F.3d at 346. Nationwide cannot be said to have met this burden by pointing to an ambiguous underwriting agreement in which Garden State's liability is in question. Because the Court cannot say with certainty that Garden State is a nominal party, the Court must consider Garden State's citizenship when analyzing diversity. Because both Garden State (Defendant) and Neptune (Plaintiff) are citizens of New Jersey, the Court lacks diversity jurisdiction.

**B.     Citizenship Issues Involving Lloyd's of London**

As an alternative basis for remand, the Court also notes that special issues arise in a diversity case in which an underwriter from Lloyd's of London is one of the parties.

> Lloyd's is an association that provides the physical premises and the administrative services and staff to enable insurance underwriters to carry on their business. Lloyd's is not an insurance company, but rather is an exchange or market where various individuals or groups bid on the right to insure a given risk.

> Lloyd's takes no part in the business of underwriting; policies are underwritten at Lloyd's and not by Lloyd's.

*Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 221 (3d Cir. 1999). The actual underwriting is undertaken by entities (called "Names") which come together in groups (called "Syndicates") to insure risks. *Id.* When a Syndicate is a party to litigation in federal court, it takes on the citizenship of each of the Names. *See Lowsey-Williams v. N. River Ins. Co.*, 884 F. Supp. 166, 172 (D.N.J. 1995). "Accordingly, the Court must consider the citizenship of the Names—and whether each Name is diverse from the [Plaintiff] in this action." *Underwriters at Lloyd's v. VMA Constr., LLC*, Civ. No. 17-5626, 2018 WL 314815, at *3 (D.N.J. Jan. 5, 2018).

The record does not reflect the identity or the citizenship of any of the Names of the Lloyd's Underwriters. As the removing party, Nationwide bears the burden of demonstrating that each Name is diverse from the plaintiff. *Johnson*, 724 F.3d at 346. Nationwide has not met this burden, providing an additional reason for remand.

## IV. CONCLUSION

For the reasons set forth above, the Motion to Remand is **GRANTED**. This matter is therefore **REMANDED** to the Superior Court of New Jersey, Law Division, Monmouth County, and this case is **CLOSED**. An appropriate order will follow.

> */s/ Brian R. Martinotti*
> **HON. BRIAN R. MARTINOTTI**
> UNITED STATES DISTRICT JUDGE

Dated: September 26, 2019